IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA,
ORLANDO DIVISION

TIM FOOTE,
   Plaintiff,

v.

TRANSWORLD SYSTEMS INC.,
   Defendant.

Civil Action No. 6:16-cv-2187-ORL-41KRS

Demand for trial by jury



## ORIGINAL COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### I. JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to Title 15 U.S.C. § 1692k(d) and Title 28 U.S.C. § 1331.

2. Venue is proper before this Court pursuant to Title 28 U.S.C. § 1391.

3. The conditions precedent to the bringing of this action have been performed.

### II. PARTIES

4. The Plaintiff is a "consumer" as defined in the Fair Debt Collection Practices Act, Title 15 U.S.C. § 1692a(3).

5. The Defendant TRANSWORLD SYSTEMS INC., hereinafter referred to as "TRANSWORLD," is a foreign profit corporation organized in the State of

California with current principal place of business at 507 Prudential Road, Horsham, Pennsylvania, 19044.

6. The Defendant TRANSWORLD is a "debt collector" as defined in the Fair Debt Collection Practices Act, Title 15 U.S.C. § 1692a(6).

III. FACTUAL ALLEGEATIONS

7. On 25-May-2016, the Plaintiff received the initial debt-collector "Dunning" letter, conveyed by way of the United States Postal Service (U.S.P.S.), from the Defendant TRANSWORLD asserting the claim against the Plaintiff that TRANSWORLD is a "debt collector" attempting to collect an alleged debt on behalf of an alleged third-party creditor and said letter does include the following sentences: "This is an attempt to collect a debt. Any information obtained will be used for that purpose. This is a communication from a debt collector." (See Exhibit "A")

8. The initial "Dunning" letter received from the Defendant TRANSWORLD by the Plaintiff on 25-May-2016 does include the following sentences: "The Creditor, noted above, has placed your defaulted loans(s) with our agency for collection. … Make your check or money order payable to TRANSWORLD SYSTEMS INC. and mail it, along with the coupon below, using the enclosed envelope." (See Exhibit "A")

9. The initial "Dunning" letter received by the Plaintiff from the Defendant TRANSWORLD on 25-May-2016 contains neither cogent nor coherent articulation nor explanation nor contains any valid certified and notarized documentary evidence regarding any genuine-article "wet-ink" signature "account-level" documentation in support of any allegation of any "debt" purportedly due and owing by the Plaintiff to either TRANSWORLD or to any alleged third-party creditor. (See Exhibit "A")

10. The initial "Dunning" letter received by the Plaintiff from the Defendant TRANSWORLD on 25-May-2016 contains neither cogent nor coherent articulation nor any specific evidence regarding any alleged so-called "placement," or assignment, or referral, or retainer, or contingency contract agreement executed by and between the Defendant TRANSWORLD and any alleged third-party creditor in regard to the Plaintiff. (See Exhibit "A")

11. On 13-June-2016, the Plaintiff conveyed the **first** U.S.P.S. Certified Mail letter [Receipt number: 7015 3010 0000 4331 5726] to the Defendant TRANSWORLD (the first communication by the Plaintiff to the Defendant) demanding validation of any alleged debt due and owing to either TRANSWORLD or to any alleged third-party creditor. (See Exhibit "B")

12. On 27-July-2016, the Plaintiff received the **second** "Dunning" letter from the Defendant TRANSWORLD and said letter does include the following sentences: "This is an attempt to collect a debt. Any information obtained will be used for that purpose. This is a communication from a debt collector." (See Exhibit "C")

13. On 29-July-2016, the Plaintiff conveyed the **second** U.S.P.S. Certified Mail letter [Receipt number: 7016 0600 0001 2069 9379] to the Defendant TRANSWORLD (the second communication by the Plaintiff to the Defendant) duly noticing TRANSWORLD of its complete lack of any **proper** validation and verification of any allegation of any purported debt including the Defendant's failure to convey any coherent articulation regarding any enforceable **genuine-article** "wet-ink" signature "account-level" documentation and duly noticing the Defendant of the complete lack of any evidence of any contract agreement by and between TRANSWORLD and the Plaintiff. (See Exhibit "D")

14. The **second** U.S.P.S. Certified Mail letter conveyed to the Defendant TRANSWORLD by the Plaintiff on 29-July-2016 duly notices the Defendant of the Plaintiff's demand upon the Defendant to provide any **proper** evidence

supporting the existence of any valid, lawful, certified, and notarized **"assignment"** by and between TRANSWORLD and any alleged third-party creditor in regard to the Plaintiff. (See Exhibit "D")

15. The **second** U.S.P.S. Certified Mail letter conveyed to the Defendant TRANSWORLD by the Plaintiff on 29-July-2016 duly notices TRANSWORLD that TRANSWORLD failed to provide or convey to the Plaintiff the location, dates, and times available for the inspection of any alleged genuine-article "wet-ink" signature "account-level" documentation inclusive of any allonges–in regard to the Plaintiff–for the purpose of forensic analysis. (See Exhibit "D")

16. On 15-September-2016, the Plaintiff received the **third** "Dunning" letter from the Defendant TRANSWORLD, dated 31-August-2016, and said letter does include the following sentences: "This is an attempt to collect a debt. Any information obtained will be used for that purpose. This is a communication from a debt collector." (See Exhibit "E")

17. On 15-September-2016, the Plaintiff received the **third** "Dunning" letter from the Defendant TRANSWORLD, dated 31-August-2016, and said letter does include the following sentences: "… Please be advised that accounts

64282971 EDUA, 64282972 EDUA have been placed in a status to prevent further collection activity by TSI." (See Exhibit "E")

18. On 23-September-2016, the Plaintiff conveyed the **third** U.S.P.S. Certified Mail letter [Receipt number: 7016 0910 0000 8794 3786] to the defendant TRANSWORLD (the third communication by the Plaintiff to the Defendant) demanding that the defendant immediately respond to the following line-items (An excerpt taken directly from the letter is reproduced below.):

> 1. The demand is made that TRANSWORLD explain, define, and elaborate on the meaning of the statement "... *accounts ... have been placed in a **status** to prevent further collection activity by TSI. ...*" found in the first paragraph of TRANSWORLD'S response letter to the target consumer.
>
> 2. The demand is made that TRANSWORLD immediately convey and provide the location, dates, and times available for the inspection of any genuine-article wet-ink signature "**account-level**" documentation in regard to the target consumer, inclusive of any allonges, for the purpose of forensic analysis.
>
> 3. The demand is made that TRANSWORLD immediately convey any lawful and legal certified and notarized copy of any assignment contract or any placement contract or any retainer contract or any contingency contract or any enforceable contract whatsoever by and between TRANSWORLD and any alleged third-party creditor in regard to the target consumer!

(See Exhibit "F")

19. On 27-September-2016, the Plaintiff conveyed the **fourth** U.S.P.S. Certified Mail letter [Receipt number: 7016 0910 0000 8794 3724], with the Domestic Return Receipt requested, to the Defendant TRANSWORLD (which

is a **duplicate** of the **third** U.S.P.S. Certified Mail letter conveyed to the Defendant TRANSWORLD and the **fourth** communication by the Plaintiff to the Defendant). (See Exhibit "G")

20. On 03-November-2016, the Plaintiff conveyed the first U.S.P.S. Express Mail letter [Receipt number: EL 561981230 US], with the Domestic Return Receipt requested, to the Defendant TRANSWORLD (the fifth communication by the Plaintiff to the Defendant) duly noticing the Defendant TRANSWORLD of the pending lawsuit and the notice and opportunity to cure. A rough-draft of the proposed federal complaint was included in the letter; however, as of the date of the filing of this complaint, the Plaintiff has not received a direct response from the Defendant regarding the notice. (See Exhibit "H")

21. On 07-November-2016, the Plaintiff received the **fourth** "Dunning" letter from the Defendant TRANSWORLD by way of the U.S.P.S., the letter dated 27-October-2016, and the said letter does include the following sentences: "Please be advised that accounts 64282971 EDUA, 64282972 EDUA have been placed in a status to prevent further collection activity by TSI." … "This is an attempt to collect a debt. Any information obtained will be used for that purpose. This is a communication from a debt collector." (See Exhibit "I")

22. The Plaintiff has **not** entered into any credit transaction, or any commercial transaction, or any transaction whatsoever with the Defendant TRANSWORLD from the beginning of the world until the present day.

23. The Plaintiff does **not** and has **never had** any account, contract, or agreement with the Defendant TRANSWORLD from the beginning of the world until the present day.

24. All communications received by the Plaintiff by way of the United States Postal Service from the Defendant TRANSWORLD convey the following statements: "This is an attempt to collect a debt. Any information obtained will be used for that purpose. This is a communication from a debt collector."

25. The Defendant TRANSWORLD'S actions of continuing to attempt to collect from the Plaintiff for the non-validated, unverified, alleged debt, has harmed the Plaintiff by causing the Plaintiff emotional distress, mental anguish, loss of sleep, and expenditures for this action; TRANSWORLD has produced for inspection neither any enforceable "assignment" contract, nor any enforceable "collection" contract, nor any enforceable "retainer" contract, nor any enforceable "contingency" contract, nor any enforceable contract or agreement whatsoever which demonstrates that the Defendant TRANSWORLD

is a "**real party in interest**" in any valid contract or agreement by and between TRANSWORLD and any alleged third-party creditor in regard to the Plaintiff, nor any evidence of any valid contract or agreement by and between the Defendant TRANSWORLD and the Plaintiff.

### IV. PLAINTIFF'S DEMAND FOR RELIEF FOR THE VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, TITLE 15 U.S.C. § 1692 et seq., BY THE DEFENDANT TRANSWORLD SYSTEMS INC.

26. Paragraphs 1 through 25 are re-alleged as if they were fully set forth herein.

27. The Defendant TRANSWORLD is in violation of the Fair Debt Collection Practices Act, Title 15 U.S.C. § 1692 et seq., including the following specific violations identified thus far as set forth in paragraphs 28 through 31:

28. Defendant TRANSWORLD is in violation of Title 15 U.S.C. § 1692e(2)(A) by falsely representing "… the character, amount, or legal status of any debt; … ."

29. Defendant TRANSWORLD is in violation of Title 15 U.S.C. § 1692e(10) by "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

30. Defendant TRANSWORLD is in violation of Title 15 U.S.C. § 1692f(1) by "The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

31. Defendant TRANSWORLD is in violation of Title 15 U.S.C. § 1692g(b) by failing to properly verify and validate the alleged debt and then subsequently continuing its collection efforts.

WHEREFORE, the Plaintiff demands judgment against the Defendant TRANSWORLD SYSTEMS INC., for the actual damages sustained including emotional distress, mental anguish, loss of sleep, and for any additional actual damages as they may bear pursuant to Title 15 U.S.C. § 1692k(a)(1) and for any such additional damages as the court may allow pursuant to Title 15 U.S.C. § 1692k(a)(2)(A) and for the costs of the action together with a reasonable attorney's fee as determined by the court.

## V. DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury of all issues so triable by law.

Respectfully submitted,

By: *Tim Foote, Pro se.*

TIM FOOTE, Pro se.
3208-C East Colonial Drive: Unit 159;
Orlando; Florida; 32803;
Cellular telephone: 407-633-9297;
E-mail: non-assumpsit@safe-mail.net