**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

TIM FOOTE,

                                      Case No. 6:16-cv-02187-CEM-KRS

      Plaintiff,

          v.

TRANSWORLD SYSTEMS, INC.,

      Defendant.

_____/

**<u>DEFENDANT, TRANSWORLD SYSTEMS, INC.'S, ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT</u>**

Defendant, Transworld Systems, Inc. (TSI), through counsel and under the Federal Rules of Civil Procedure, submits this Answer and Affirmative Defenses to the Complaint filed by plaintiff, Tim Foote (plaintiff), and states:

**I.  JURISDICTION AND VENUE**

1. Upon information and belief, TSI admits this Court has jurisdiction. Except as specifically admitted, TSI denies the allegations in ¶ 1.

2. Upon information and belief, TSI admits venue is proper. Except as specifically admitted, TSI denies the allegations in ¶ 2.

3. TSI denies the allegations in ¶ 3.

**II.  PARTIES**

4. TSI denies the allegations in ¶ 4 as calling for a legal conclusion.

5.     TSI admits it is a corporation with an office located at 407 Prudential Road, Horsham, Pennsylvania, 19044.  Except as specifically admitted, TSI denies the allegations in ¶ 5.

6.     TSI denies the allegations in ¶ 6 as calling for a legal conclusion.

### III.  FACTUAL ALLEGATIONS

7.     Exhibit "A" speaks for itself and is the best evidence of its content.  To the extent the allegations in ¶ 7 state otherwise, denied.

8.     Exhibit "A" speaks for itself and is the best evidence of its content.  To the extent the allegations in ¶ 8 state otherwise, denied.

9.     TSI denies the allegations in ¶ 9.

10.    TSI denies the allegations in ¶ 10.

11.    Exhibit "B" speaks for itself and is the best evidence of its content.  To the extent the allegations in ¶ 11 state otherwise, denied.

12.    Exhibit "C" speaks for itself and is the best evidence of its content.  To the extent the allegations in ¶ 12 state otherwise, denied.

13.    Exhibit "D" speaks for itself and is the best evidence of its content.  To the extent the allegations in ¶ 13 state otherwise, denied.

14.    TSI denies the allegations in ¶ 14.

15.    TSI denies the allegations in ¶ 15.

16.    Exhibit "E" speaks for itself and is the best evidence of its content.  To the extent the allegations in ¶ 16 state otherwise, denied.

17. Exhibit "E" speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 17 state otherwise, denied.

18. Exhibit "F" speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 18 state otherwise, denied.

19. Exhibit "G" speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 19 state otherwise, denied.

20. TSI denies the allegations in ¶ 20.

21. Exhibit "I" speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 21 state otherwise, denied.

22. TSI denies the allegations in ¶ 22.

23. TSI denies the allegations in ¶ 23.

24. TSI denies the allegations in ¶ 24 for lack of knowledge or information sufficient to form a belief therein.

25. TSI denies the allegations in ¶ 25.

**IV. PLAINTIFF'S DEMAND FOR RELIEF FOR THE VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, TITLE 15 U.S.C. § 1692, *et seq.*, BY THE DEFENDANT TRANSWORLD SYSTEMS, INC.**

26. TSI reasserts the foregoing as if fully stated herein.

27. TSI denies the allegations in ¶ 27.

28. TSI denies the allegations in ¶ 28.

29. TSI denies the allegations in ¶ 29.

30. TSI denies the allegations in ¶ 30.

31. TSI denies the allegations in ¶ 31.

## TSI'S AFFIRMATIVE DEFENSES

1. To the extent that any violations are established, any such violations were not intentional and resulted from bona fide error notwithstanding the maintenance of procedures reasonably adopted and specifically intended to avoid any such error.

2. TSI denies any liability; however, regardless of liability, plaintiff has suffered no actual damages as a result of TSI's purported violations.

3. One or more claims asserted by plaintiff are barred by the statute of limitations, laches, estoppel, waiver, and/or unclean hands.

4. Assuming that plaintiff suffered any damages, he has failed to mitigate his damages or take other reasonable steps to avoid or reduce his damages.

5. Any harm suffered by plaintiff was legally and proximately caused by persons or entities other than TSI and were beyond the control or supervision of TSI or for whom TSI was and is not responsible or liable.

6. Plaintiff has failed to state a claim against TSI upon which relief may be granted.

WHEREFORE, Defendant, Transworld Systems, Inc., requests that the Court dismiss this action with prejudice and grant it any other relief that the Court deems appropriate.

Respectfully submitted,

*/s/ Ashley N. Rector*
Ashley N. Rector, Esq.
Florida Bar No. 0106605
Dayle M. Van Hoose, Esq.
Florida Bar No. 0016277

>SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.
>3350 Buschwood Park Drive, Suite 195
>Tampa, Florida 33618
>Telephone: (813) 440-5327
>Facsimile: (866) 466-3140
>arector@sessions.legal
>dvanhoose@sessions.legal
>
>*Attorneys for Defendant,*
>*Transworld Systems, Inc.*

## CERTIFICATE OF SERVICE

I certify that on this 7th day of March 2017, a copy of the foregoing was filed electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system, including plaintiff as described below. Parties may access this filing through the Court's system.

>Tim Foote
>*Pro Se Plaintiff*
>3208-C East Colonial Drive, Unit 159
>Orlando, FL 32803
>non-assumpsit@safe-mail.net

>*/s/ Ashley N. Rector*
>Attorney