FILED

2017 MAR 23 PM 12: 37
U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA,
ORLANDO DIVISION

| | | |
|---|---|---|
| TIM FOOTE,<br>Plaintiff, | §<br>§<br>§ | |
| v. | § | Case No. 6:16-cv-02187-CEM-KRS |
| | § | |
| TRANSWORLD SYSTEMS INC.,<br>Defendant. | §<br>§ | Demand for trial by jury |

**PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES FROM THE DEFENDANT'S ORIGINAL ANSWER WITH MEMORANDUM OF LEGAL AUTHORITY IN SUPPORT, OR IN THE ALTERNATIVE, MOTION FOR LEAVE OF COURT TO REPLY TO THE DEFENDANT'S ANSWER**

## I. INTRODUCTION

1. On December 21, 2016, the Plaintiff filed the original complaint against the Defendant for the violations of the Fair Debt Collection Practices Act ("FDCPA").
2. On March 7, 2017, the Defendant filed its Answer and Affirmative Defenses to the Plaintiff's complaint (See document number 11).
3. The Plaintiff hereby files this timely motion to strike all six of the Defendant's affirmative defenses from the Defendant's original Answer with a memorandum of legal authority in support.

The Plaintiff's motion to strike the Defendant's affirmative defenses is made pursuant to Fed. R. Civ. P. 12(f), on the grounds that the Defendant has pled more than the three affirmative defenses allowed under the FDCPA, the Defendant has alleged defenses which

are neither applicable defenses nor valid defenses, the Defendant has raised immaterial defenses, and the Defendant's "boiler-plate" conclusory affirmative defenses are neither pled with sufficient particularity nor with any supporting factual evidence to provide the Plaintiff with "fair" notice. Federal Rule of Civil Procedure 12(f) allows a court to strike from a pleading any "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A defense is insufficient if "patently frivolous" or "clearly invalid as a matter of law." Anchor Hocking Corp. v. Jacksonville Elec. Auth., 419 F. Supp. 992, 1000 (M.D. Fla. 1976). Unless insufficient, a court will usually not strike something from a pleading unless it has no possible connection to the controversy and might prejudice a party if it remains. Assa Compañia de Seguros, S.A. v. Codotrans, Inc., 15 F. Supp. 3d 1271, 1275 (S.D. Fla. 2014). The purpose of a Rule 12(f) motion to strike is to avoid spending time and money litigating spurious issues. Moreover, the Defendant's pleadings fail to raise the alleged affirmative defenses beyond the speculative level. Because the Defendant's affirmative defenses lack any factual evidence, are clearly insufficient, and are merely nothing more than conclusory statements the Court should dismiss or strike those portions of the Defendant's original answer pursuant to Fed. R. Civ. P. 12(f).

## II. GENERAL ARGUMENT

An affirmative defense is defined as "a defendant's assertion raising new facts and arguments that, if true, will defeat the plaintiff's or prosecution's claim, even if the allegations in the complaint are true." Ayers v. Consolidated Construction, 2007 WL 4181910 at *1 (M.D. Fla. Nov. 26, 2007) (Steele, J.) (striking insufficient and inapplicable

affirmative defenses). Federal district courts "have broad discretion in disposing of motions to strike" under Rule 12. Microsoft Corporation v. Jesse's Computers & Repair, Inc., 211 F.R.D. 681, 683 (M.D. Fla. 2002) (quotes and citation omitted). Although Rule 12(f) should be used sparingly, it is appropriate here where the Defendant's affirmative defenses are obviously false, have little or no bearing on the adjudication of the Plaintiff's claims, and serve to prejudice the Plaintiff. Wlodynski v. Ryland Homes, 8:08-cv-00361, 2008 WL 2783148 at *1 (M.D. Fla. July 17, 2008) (Whittemore, J.) (approving a Report and Recommendation that noted that "[w]hile courts generally disfavor motions to strike, if the allegations have no possible relation to the controversy, may confuse the issues, or may cause prejudice to one of the parties, a court may grant the motion."). Courts may grant motions to strike where, as here, "the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." Williams v. Eckerd Family Youth Alternative, 908 F. Supp. 908, 910 (M.D. Fla. 1995). The "function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issue by dispensing with those issues prior to trial." Sidney-Vinstein v. A.H. Robins, 697 F.2d 880, 885 (9th Cir. 1983). That purpose would be served here by dispensing with the Defendant's affirmative defenses which cannot possibly have any bearing on the adjudication of the instant matter.

The Fair Debt Collection Practices Act allows only those defenses set forth in the Statute. In this case, all six of the affirmative defenses raised by the Defendant relate to the claims brought by the Plaintiff pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. Since the FDCPA is a federal statutory cause of action, the defenses are limited to those set out in the statute itself. Howlett v. Rose, 496 U.S. 356, 375 (1990) ("The elements

of, and the defenses to, a federal cause of action are defined by federal law."); *see also* *Sayyed v. Wolpoff & Abramson*, 485 F.3d 226, 232 (4th Cir. 2007) ("To insist that some unarticulated, common law immunity survived the creation of the FDCPA would be to fail to give effect to the scope of the immunity articulated in the text"). Moreover, the FDCPA is a strict liability statute. Clark v. Capital Credit & Collection Servs., 460 F.3d 1162, 1175 (9th Cir. 2006); Russell v. Equifax A.R.S., 74 F.3d 30, 33 (2nd Cir. 1996).

In an FDCPA case there are only three defenses pursuant to 15 U.S.C § 1692k (c)-(e):

* 1692k(c) - **Intent**: The "bona fide error" defense.

* 1692k(d) - **Jurisdiction**: Statute of limitation: "An action to enforce any liability... may be brought ... within one year from the date on which the violation occurs."

* 1692k(e) - **Advisory opinions of Bureau**: Reliance upon advisory opinions of the Bureau of Consumer Financial Protection.

III. THE DEFENDANT'S AFFIRMATIVE DEFENSES ONE THROUGH SIX REPRINTED WITH THE PLAINTIFF'S ARGUMENT IN OPPOSITION INSERTED IMMEDIATELY BELOW EACH DEFENSE

> **Defendant's affirmative defense number 1:** To the extent that any violations are established, any such violations were not intentional and resulted from bona fide error notwithstanding the maintenance of procedures reasonably adopted and specifically intended to avoid any such error.

As noted above, the bona fide error defense is one of the three defenses authorized by the FDCPA. In order to plead bona fide error defense, a defendant must allege facts showing that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error. 15 U.S.C. 1692k(e). Not only has the Defendant failed to properly plead a bona fide error defense, the Defendant has failed to offer any facts to support this affirmative defense. Rather, the Defendant merely

asserts that any violation was "... not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adopted to avoid any such error." In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168 (1993). The Defendant did not state with particularity if the error was clerical, factual, or an error law; the Defendant merely paraphrased 1692k(c) without providing any factual detail. In a 2010 Supreme Court decision, the Supreme Court "*Held:* The bona fide error defense in §1692k(c) does not apply to a violation resulting from a debt collector's mistaken interpretation of the legal requirements of the FDCPA. Pp. 6–30." Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA et al., 559 U.S. ____ (2010) (No. 08-1200). Thus, it appears imperative that the Defendant quickly identify which type of bona error it is claiming, i.e., clerical, procedural, or factual, but not a "mistake of law" or a "legal error," and then gather any facts or documentation in support of its bona fide error defense in order to amend its Answer. Regardless, the Plaintiff will seek discovery of, including but not limited to, all information and all account-level documentation regarding any admissible evidence, if it exists, relating to an allegation of bona fide error, including all of the Defendant's internal training materials as well as all internal policies and procedures manuals and materials produced and promulgated by the Defendant, which will add to the overall burden, costs, and headaches for the Defendant, the Plaintiff, and for the over-burdened District Court. If the bona fide error defense is to have any meaning in the context of a strict liability statute, then pleading "... any such violations were not intentional and resulted from bona fide error notwithstanding the maintenance of procedures reasonably adopted and

specifically intended to avoid any such error ..." must require more than a mere conclusory assertion to that effect. The procedures themselves must be explained, along with the manner in which they were adapted or "adopted" to avoid the violation alleged. Only then is the alleged error or mistake entitled to be treated as one made in good faith. The Plaintiff's request of the Court is for the Defendant's affirmative defense of "bona fide error" to be stricken from the Defendant's original Answer because it does not contain a short and plain statement of any facts whatsoever supporting the defense.

> **Defendant's affirmative defense number 2:** TSI denies any liability; however, regardless of liability, plaintiff has suffered no actual damages as a result of TSI's purported violations.

This particular affirmative defense appears to actually be a negative defense and nothing more than a conclusory statement with no factual evidence in support of the defense. Also, the actual damages sustained are clearly articulated in the Plaintiff's original complaint. Moreover, the Defendant's affirmative defense number two is not a defense authorized by the FDCPA. The Plaintiff's request of the Court is for the Defendant's affirmative defense number 2 to be stricken from the Defendant's original Answer.

> **Defendant's affirmative defense number 3:** One or more claims are barred by the statute of limitations, laches, estoppel, waiver, and/or unclean hands.

These affirmative defenses reach well beyond the typical "boiler-plate" or "shot-gun" defenses. The more apt metaphor would be the "MRV" defense: The Defendant's "multiple reentry vehicle" affirmative defense strategy is the hope that at least one or more of the defenses may actually be correct, but the Defendant **obviously** has no idea if any of them is correct. Regardless, let's spend time on each one. First of all, the defenses of statute of

limitations, laches, and estoppel can be analyzed together: The statute of limitations for bringing "An action to enforce any liability created by this subchapter" is "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). The statute of limitations defense is one of the three defenses authorized by the FDCPA; however, less than one year elapsed between the date the violations occurred and the date of the filing of this complaint (which is easily verified). The FDCPA is strict liability statute and the statute of limitations has been strictly observed by the Plaintiff. As for the Defendants' reference to the equitable doctrine of laches and of estoppel, it is misplaced. "Laches requires proof of (1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense." Costello v. United States, 365 U.S. 265, 282 (1961). Estoppel protects one party from being harmed by another party's voluntary conduct; the Plaintiff engaged in no actions or conduct that would prevent the Plaintiff from seeking remedy in the court. The laches defense lies where a party's intentional delay prejudices the Defendant; the Plaintiff did not delay in sending a debt validation demand letter to the Defendant in compliance with the Defendant's noticed "30-days" to reply language in the Defendant's first debt-collector letter (a so-called "Dunning" letter) conveyed to the Plaintiff, nor did the Plaintiff delay in conveying a total of five communications (prior to filing this complaint) attempting to resolve the matter amicably and requiring proof of the Defendant's claims; perhaps the Defendant should read the exhibits filed with the complaint before asserting such a frivolous defense. Moreover, no written contract exists between the Plaintiff and the Defendant and the Defendant has repeatedly failed to comply with the Plaintiff's demand for the Defendant to produce any enforceable contract, thus eliminating all of the Defendant's claims. The

Defendant has failed to provide any facts in support of these "affirmative defenses." Additionally, "principles of equity [can not] be used to avoid a statutory mandate." Jiagbogu v. Mercedes-Benz USA, 118 Cal. App. 4th 1235, 1244 (Cal. App. 2d Dist. 2004). Therefore, the Plaintiff's request of the Court is for the Court to strike the affirmative defenses of statute of limitations, laches, and estoppel from the Defendant's original Answer.

As for the affirmative defense of "and/or unclean hands," in *Microsoft v. Jesse's Computers*, 211 F.R.D. 681, 683 (M.D. Fla. 2002), the court held that the defense of "unclean hands" does not apply "where Plaintiff's [alleged] misconduct is not directly related to the merits of the controversy between the parties, but only where the wrongful acts affect the equitable relations between the parties." Regardless, the Defendant offers no factual evidence whatsoever to support the defense of "unclean hands." This affirmative defense bears no relation to the claims asserted in this case. This is not an action in equity, thus "unclean hands" is not a valid defense. Moreover, "simply stating that a claim fails due to plaintiff's 'unclean hands' is not sufficient to notify the cross-complainant [the Plaintiff] what behavior has allegedly given them 'unclean hands.'" Scott v. Federal Bond and Collection Service, Inc., 2011 U.S. Dist. LEXIS 5278 at *20, 2011 WL 176846, quoting CTF Dev., Inc. v. Penta Hospitality, LLC, 2009 U.S. Dist. LEXIS 99538, at *22 (N.D. Cal. Oct. 26, 2009). It is not simply enough to refer to a statute or doctrine without supporting facts showing its applicability. "A reference to a doctrine, like a reference to statutory provisions, is insufficient notice." Qarbon.com Inc. v. Ehelp Corp., 315 F. Supp. 2d 1046, 1049 (2004). Therefore, the Plaintiff's request of the Court is for the Court to strike the Defendant's affirmative defense of "unclean hands" from the Defendant's original Answer.

And, with no further delay, the affirmative defense of "waiver" is addressed: The Defendant offers the Court and the Plaintiff no factual basis whatsoever for the moving target affirmative defense of "waiver" and as such the Defendant is not entitled to the defense as a matter of law pursuant to Iqbal and Twombly. Racick v. Dominion Law Associates, 270 F.R.D. 228, 237 (E.D.N.C. 2010) (striking "doctrine of laches, waiver and/or estoppel" for failing "to meet the notice pleading requirements because it is a bare legal conclusion."); Scott, 2011 U.S. Dist. LEXIS 5278 at *22-23 (striking estoppel defense). Moreover, waiver is not a defense to the FDCPA. The Plaintiff at no time from the beginning of the world until the present day relinquished any right regarding the Defendant and the instant matter. The doctrine of waiver is an equitable principle which any competent court of law will recognize. Atlas Life Ins. Co. v. Schrimsher, 179 Okla. 643, 66 P.2d 944, 948. As previously explained, a claim under the FDCPA is a strict liability cause of action, and not a claim in equity. The Plaintiff is entirely unable to prepare a response to the vague affirmative defense of "waiver" and the Plaintiff's request of the Court is for the Court to strike it from the Defendant's original Answer.

> **Defendant's affirmative defense number 4:** Assuming that Plaintiff suffered any damages, he has failed to mitigate his damages or take other reasonable steps to avoid or reduce his damages.

"Defendants fail, again, to provide any factual basis that would allow the inference that this defense is plausible." Racick, 270 F.R.D. 228, 234-35 (striking failure to mitigate defense). Moreover, failure to mitigate damages is not a defense to the FDCPA. Scott, 2011 U.S. Dist. LEXIS 5278 at *22-23 (striking failure to use reasonable care defense). Perhaps

the Defendant should re-read Exhibits "F", "G", and "H" that are on file in the docket of this complaint. All of the five letters sent by the Plaintiff to the Defendant **prior** to the filing of this complaint clearly demonstrate sufficient notice of the controversy to the Defendant; but, especially Exhibits "F" and "G" clearly articulate notice to the Defendant that if it "… does wish to resolve and cure this matter amicably **before** the target consumer **contemplates** filing a federal complaint …" and Exhibit "H" clearly notices Defendant that if it "… does wish to resolve and cure this matter amicably **before** the target consumer **files** the federal complaint …" do clearly demonstrate timely due diligence by the Plaintiff and demonstrate "reasonable steps to avoid or reduce his damages" efforts by the Plaintiff and demonstrate the multiple attempts by the Plaintiff to "mitigate damages." (Perhaps the Defendant should actually read the letters received from consumers and then respond with communications of substance instead of mailing pre-printed "fill in the blanks" form letters churned out by the thousands each year.). The Defendant's affirmative defense of "failure to mitigate" is clearly contradicted by the record and is clearly insufficient as a matter of law and the Plaintiff's request of the Court is for the Court to strike it from the Defendant's original Answer.

> **Defendant's affirmative defense number 5:** Any harm suffered by Plaintiff was legally and proximately caused by persons or entities other than TSI and were beyond the control or supervision of TSI or for whom TSI was and is not responsible or liable.

The Defendant's affirmative defense number 6 is appropriately referred to as the "boogie man" defense. This affirmative defense provides the Plaintiff with no notice upon which he can prepare a defense. Racick, 270 F.R.D. 228, 236 ("The court finds that these boilerplate affirmative defenses, with no assertion of any facts that would allow drawing of reasonable

inference that such defenses are plausible, fail to meet the notice pleading standard."). Further, this affirmative defense does not state which of the allegations in the Complaint to which it applies. This affirmative defense does not allege facts regarding which "... persons or entities other than TSI ..." were the legal and proximate cause of the harm suffered by the Plaintiff. The Defendant does not allege how "... persons or entities other than TSI ..." – presumably those engaging in debt collection attempts – caused the Plaintiff's damages. The Defendant does not provide facts which would demonstrate that a third-party was negligent or careless. The Plaintiff is entirely unable to prepare a response to such a vague affirmative defense and it should be stricken. Scott, 2011 U.S. Dist. LEXIS 5278 at *22-23 (striking negligence of third parties defense). The Plaintiff's request of the Court is for the Defendant's affirmative defense number 5 to be stricken from the Defendant's Answer.

> **Defendant's affirmative defense number 6:** Plaintiff has failed to state a claim against TSI upon which relief may be granted.

"Failure to state a claim is not a proper affirmative defense but, rather, asserts a defect in [Plaintiff's] prima facie case." Barnes v. AT&T Pension Ben. Plan, 718 F. Supp. 2d 1167, 1174. See also, *Scott*, 2011 U.S. Dist. LEXIS 5278 at *23-24. Failure to state a claim is a defect in the plaintiff's claim; it is not an additional set of facts that bars recovery notwithstanding the plaintiff's valid prima facie case. Therefore, it is not properly asserted as an affirmative defense. Boldstar Tech., LLC v. Home Depot, Inc., 517 F. Supp. 2d 1283, 1291 (S.D. Fla. 2007). The Defendant's affirmative defense number six therefore has no place in the Defendant's original Answer and Affirmative Defenses and this Honorable Court should remove it from consideration. See *Reis Robotics USA, Inc. v. Concept Industries*, 462

F. Supp. 2d 897, 905-6 (N.D. Ill. 2006) (striking affirmative defense of failure to state a claim which merely recited the standard under 12(b)(6)). The Plaintiff's request of the Court is for the Court to strike the Defendant's affirmative defense number 6 from the Defendant's original Answer.

IV. CONCLUSION

The Defendant should not be allowed to assert a laundry list of affirmative defenses hoping to find at a later date some facts that support its defenses. In this instance, the Defendant has **not** set forth sufficient facts in support of any of its affirmative defenses. It is impossible to determine if any of the affirmative defenses pled by the Defendant in its original Answer is plausible on its face. Should the Defendant discover any basis for its affirmative defenses as this litigation progress, it should then seek leave of Court to assert them at some other time. Moreover, the FDCPA complaint is statutorily limited to just three defenses, none of which apply to the instant matter. The Plaintiff's request of the Court is for the Court to strike the affirmative defenses numbers one, two, three, four, five, and six, from the Defendant's original Answer.

Respectfully submitted,

By: Tim Foote, Pro se.

TIM FOOTE, Pro se.
3208-C East Colonial Drive: Unit 159;
Orlando; Florida; 32803;
Cellular telephone: 407-633-9297;
E-mail: non-assumpsit@safe-mail.net

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(g)

The Plaintiff, Pro se, has conferred with Ashley N. Rector, Attorney of record for the Defendant, TRANSWORLD SYSTEMS INC.; however, the parties have been unable to agree on the resolution of the motion regarding the issues raised in the Plaintiff's Motion to Strike the Defendant's Affirmative Defenses from the Defendant's original Answer.

Respectfully submitted,

By: Tim Foote, Pro se.

TIM FOOTE, Pro se, PLAINTIFF
3208-C East Colonial Drive: Unit 159;
Orlando; Florida; 32803;
Cellular telephone: 407-633-9297;
E-mail: non-assumpsit@safe-mail.net

**CERTIFICATE OF SERVICE**

I certify that on March 23rd, 2017, a copy of the PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES FROM THE DEFENDANT'S ORIGINAL ANSWER WITH MEMORANDUM OF LEGAL AUTHORITY IN SUPPORT, OR IN THE ALTERNATIVE, MOTION FOR LEAVE OF COURT TO REPLY TO THE DEFENDANT'S ANSWER was served by U.S.P.S. CERTIFIED MAIL, Domestic Return Receipt requested, on the following attorney in charge for the Defendant, TRANSWORLD SYSTEMS INC.:

Ashley N. Rector
3350 Buschwood Park Drive, Suite 195
Tampa, Florida, 33618
Telephone: 813-890-2460
E-mail: arector@sessions.legal

Respectfully submitted,

By: Tim Foote, Pro se.

TIM FOOTE, Pro se, PLAINTIFF
3208-C East Colonial Drive: Unit 159;
Orlando; Florida; 32803;
Cellular telephone: 407-633-9297;
E-mail: non-assumpsit@safe-mail.net