**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

TIM FOOTE,

        Plaintiff,

        v.

TRANSWORLD SYSTEMS, INC.,

        Defendant.

        Case No. 6:16-cv-02187-CEM-KRS

_____/

**DEFENDANT, TRANSWORLD SYSTEMS, INC.'S, AMENDED ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant, Transworld Systems, Inc. (TSI), through counsel and under the Federal Rules of Civil Procedure, submits this Answer and Affirmative Defenses to the Complaint filed by plaintiff, Tim Foote (plaintiff), and states:

### I.  JURISDICTION AND VENUE

1.    Upon information and belief, TSI admits this Court has jurisdiction. Except as specifically admitted, TSI denies the allegations in ¶ 1.

2.    Upon information and belief, TSI admits venue is proper. Except as specifically admitted, TSI denies the allegations in ¶ 2.

3.    TSI denies the allegations in ¶ 3.

### II.  PARTIES

4.    TSI denies the allegations in ¶ 4 as calling for a legal conclusion.

5. TSI admits it is a corporation with an office located at 407 Prudential Road, Horsham, Pennsylvania, 19044. Except as specifically admitted, TSI denies the allegations in ¶ 5.

6. TSI denies the allegations in ¶ 6 as calling for a legal conclusion.

### III. FACTUAL ALLEGATIONS

7. Exhibit "A" speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 7 state otherwise, denied.

8. Exhibit "A" speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 8 state otherwise, denied.

9. TSI denies the allegations in ¶ 9.

10. TSI denies the allegations in ¶ 10.

11. Exhibit "B" speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 11 state otherwise, denied.

12. Exhibit "C" speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 12 state otherwise, denied.

13. Exhibit "D" speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 13 state otherwise, denied.

14. TSI denies the allegations in ¶ 14.

15. TSI denies the allegations in ¶ 15.

16. Exhibit "E" speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 16 state otherwise, denied.

17. Exhibit "E" speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 17 state otherwise, denied.

18. Exhibit "F" speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 18 state otherwise, denied.

19. Exhibit "G" speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 19 state otherwise, denied.

20. TSI denies the allegations in ¶ 20.

21. Exhibit "I" speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 21 state otherwise, denied.

22. TSI denies the allegations in ¶ 22.

23. TSI denies the allegations in ¶ 23.

24. TSI denies the allegations in ¶ 24 for lack of knowledge or information sufficient to form a belief therein.

25. TSI denies the allegations in ¶ 25.

### IV.  PLAINTIFF'S DEMAND FOR RELIEF FOR THE VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, TITLE 15 U.S.C. § 1692, *et seq.*, BY THE DEFENDANT TRANSWORLD SYSTEMS, INC.

26. TSI reasserts the foregoing as if fully stated herein.

27. TSI denies the allegations in ¶ 27.

28. TSI denies the allegations in ¶ 28.

29. TSI denies the allegations in ¶ 29.

30. TSI denies the allegations in ¶ 30.

31. TSI denies the allegations in ¶ 31.

## TSI'S AFFIRMATIVE DEFENSES

1.  TSI denies any violations, liability or wrongdoing under the FDCPA. However, any information TSI provided to plaintiff regarding his debt(s) as alleged was obtained from TSI's creditor client, and TSI is entitled to reasonably rely on information provided to it by its creditor client under the law. Therefore, to the extent plaintiff can prove TSI violated the FDCPA, which TSI denies, any violation, including violations relating to information TSI provided to plaintiff about his debt(s), was not intentional and resulted from bona fide error notwithstanding the maintenance of procedures reasonably adopted and specifically intended to avoid any error.

WHEREFORE, Defendant, Transworld Systems, Inc., requests that the Court dismiss this action with prejudice and grant it any other relief that the Court deems appropriate.

Respectfully submitted,

*/s/ Ashley N. Rector*
Ashley N. Rector, Esq.
Florida Bar No. 0106605
Dayle M. Van Hoose, Esq.
Florida Bar No. 0016277
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.
3350 Buschwood Park Drive, Suite 195
Tampa, Florida 33618
Telephone: (813) 440-5327
Facsimile: (866) 466-3140
arector@sessions.legal
dvanhoose@sessions.legal

*Attorneys for Defendant,*
*Transworld Systems, Inc.*

## **CERTIFICATE OF SERVICE**

I certify that on this 23rd day of March 2017, a copy of the foregoing was filed electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system, including plaintiff as described below. Parties may access this filing through the Court's system.

Tim Foote
*Pro Se Plaintiff*
3208-C East Colonial Drive, Unit 159
Orlando, FL 32803
non-assumpsit@safe-mail.net

*/s/ Ashley N. Rector*
Attorney